■ In the Matter of OPTIMARK TECHNOLOGIES, INC., et al., Petitioners, and OPTIMARK HOLDINGS, INC., et al., Appellants-Respondents, v INTERNATIONAL EXCHANGE NETWORKS, LTD., Respondent-Appellant. [732 NYS2d 413] —Judgment, Supreme Court, New York County (William Davis, J.), entered May 15, 2001, which denied petitioners' motion to stay arbitration and granted respondent's cross motion insofar as to compel arbitration, but denied those portions of the cross motion seeking provisional relief pursuant to CPLR 7502 (c) and sanctions pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.

The CPLR article 75 court correctly held that since the signatory to the arbitration agreement expressly executed it on behalf of affiliates, and since it reaffirmed that agreement in an amendment after appellant affiliates had been formed, this case falls within the "limited circumstances" in which it is permissible "to impute the intent to arbitrate to a nonsignatory," there being clear indication of appellant affiliates' intent to arbitrate (*see, TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339). Like the article 75 court, we do not read the later amendment as inconsistent with the parties' understanding that the initial signatory was acting on behalf of all affiliates. For this reason, we do not reach any of respondent's alternative arguments for affirmance, and its request for discovery is academic. We have reviewed respondent's arguments on its cross appeal and find them unavailing. Concur—Sullivan, P. J., Mazzarelli, Wallach, Rubin and Friedman, JJ.